## Mazzei v. Mazzei

*McTighe, Markel and Coates*, for libellant.
*Alphonso Santangelo*, for respondent.

DANNEHOWER, J., October 8, 1947.—After a master was appointed in this divorce proceeding, brought by a wife against her husband on the ground of indignities to the person, upon respondent's petition a rule was granted upon libellant to show cause why she should not file a more specific bill of particulars. To this petition and rule an answer was filed and the question as to the sufficiency of the bill of particulars was argued before the court en banc and is pending for decision.

The bill of particulars in this case consists of 20 paragraphs, and complaint is made that each is insufficient in some respect. Chief among the complaints is that libellant has failed to set forth exact dates, times and places when and where certain occurrences are alleged to have taken place, and to give the names of certain persons concerning whom certain indignities are alleged to have occurred.

As President Judge Knight well said concerning a bill of particulars, in Corson v. Corson, 55 Montg. 102 (1939) (p. 103):

"While it need not state more than the party furnishing it is bound to prove, it must be as specific as the circumstances of the case will allow, and should fairly apprise the opposite party and the court of the nature of the claim or defense made, and the nature of the evidence. In cases where adultery, or cruel and barbarous treatment is alleged, the bill of particulars should be specific as to time, place and circumstances of the alleged acts. Where indignities to the person is the cause relied upon, it is often impossible to give specific dates, times, and places, for indignities to the person consist of a course of conduct, an accumulation of incidents and acts, which render the condition of the libellant intolerable and life burdensome".

The bill of particulars here fully meets the requisites quoted above. For example, the first three paragraphs relate to respondent's alleged conduct with another woman. The first paragraph avers that on a specified date he parked with this woman, identifying her by name and address, in the public streets of Narberth in libellant's car, and caressed and otherwise displayed affection for the woman. Paragraph no. 2 avers that since November 1946 respondent has called at this woman's home as often as three times weekly, and has remained in her house alone with her for long periods of time. Paragraph no. 3 avers that since September 1946 numerous bitter arguments took place concerning

respondent's interest in the other woman. These allegations are sufficient to apprise respondent of the nature of the evidence to be produced in this regard, yet he claims they are insufficient in that: (1) As to the first, the exact time and place of parking the car should be stated; (2) as to the second, the dates when respondent called at the home and the exact duration of the visit should be specified; and (3), as to the third, libellant failed to give dates, times and names of any persons present when the arguments took place. None of these objections has merit. To require libellant to furnish further details concerning these episodes would be to compel her to divulge nearly all her evidence in advance of the hearing before the master. This, as has often been said, is not the function of a bill of particulars.

A perusal of the entire bill of particulars discloses that respondent's remaining objections are equally without merit. It will be seen that where a specific incident is mentioned the date is given, if known. If a course of conduct occurred over a period of time, the date it began is given as well as the date it ended, if it did end. Many of the acts and types of conduct referred to took place, it is alleged, "throughout their married life". Where conduct runs over a long period of time, it is impracticable and impossible in many cases to specify the time and place of each particular occurrence: Noll v. Noll, 1 D. & C. 520 (1922).

We have carefully examined each averment of the bill of particulars and are convinced that respondent is not entitled to have them expressed with any greater certainty or exactitude. In fact, in most instances, it would be impossible so to express them.

Therefore, respondent has in our opinion sufficient notice of the nature of the proof he will be called upon to meet and his rule must be discharged.

And now, October 8, 1947, for the reasons given in the foregoing opinion, respondent's rule for a more specific bill of particulars is discharged.